UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAHL CONSTRUCTION SERVICES, INC., *et al.*, <br><br> Defendants. | CASE NO. C19-1541-RSM <br><br> ORDER GRANTING LEAVE TO SERVE BY PUBLICATION AND BY MAIL |

This matter comes before the Court on Plaintiffs' *ex parte* Motion for leave to serve Defendants Dahl Construction Services, Inc. ("Dahl Construction") and Jack Allen Dahl by publication and by mail. Dkt. #11. Federal Rule of Procedure 4(e) allows a plaintiff to effect service "pursuant to the law of the state in which the district is located." Fed. R. Civ. P. 4(e)(1). Washington law provides:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating

ORDER GRANTING LEAVE TO SERVE BY PUBLICATION AND BY MAIL - 1

that he believes that the defendant is not a resident of the state, or cannot be found therein . . . the service may be made by publication of the summons . . . in any of the following cases:

(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent;

RCW 4.28.100(2). This provision also extends to service by mail. *See Rolf v. United States*, No. C06-785-MJP, 2007 WL 445449, at *5 (W.D. Wash. Feb. 6, 2007) ("Washington law authorizes substitute service by mail in the same circumstances justifying service by publication.").

Before a court may allow service by publication or by mail, a plaintiff must make an honest and reasonable effort to serve the defendant by personal service. *Canal Ins. Co. v. Mengeste*, No. C18-01833-RAJ, 2019 WL 2491951, at *1 (W.D. Wash. June 14, 2019) (citing *Carson v. Northstar Development Co.*, 814 P.2d 217 (Wash. App. 1991)). Accordingly, an affidavit supporting service by publication or mail must identify the steps taken to personally serve the defendant and should demonstrate reasonably diligent efforts to effect service. *Id.* (citing *Charboneau Excavating, Inc. v. Turpinseed*, 75 P.3d 1011 (2003)). A plaintiff "need not exhaust *all* conceivable means of personal service" before a court may authorize an alternative service method. *Carson*, 814 P.2d at 221 (emphasis in original). Rather, a plaintiff "need only follow up on that information possessed by the plaintiff which might reasonably assist in determining a defendant's whereabouts." *Id.*

Here, Plaintiffs have made multiple unsuccessful attempts to personally serve Mr. Dahl and Dahl Construction using a process server. Plaintiffs attempted to serve Defendants at four separate addresses, including the company address for Dahl Construction registered with the Washington Secretary of State and Washington State Department of Labor & Industries for service of summons. *See, e.g.*, Dkts. #11-1 at 2-4; #11-2 at 2-4. At each location, the process

server attempted to glean information from neighbors or the current resident on Mr. Dahl's whereabouts but was unsuccessful. Dkts. #11-2 at 2-4, #11-3 at 2-4; #11-4 at 2; #11-5 at 2. Plaintiffs state that they have conducted a diligent and thorough search of public records for alternate addresses with no success. Dkts. #11-6 at 2; #11-7 at 2. It appears that Plaintiffs have been unable to locate Mr. Dahl or determine his current addresses and have now exhausted their means to personally serve Mr. Dahl and Dahl Construction.

Accordingly, having reviewed the briefing and relevant record, the Court finds that Plaintiffs have satisfied the conditions for service by publication and by mail. Plaintiffs' Motion for Leave to Serve by Publication and by Mail, Dkt. #11, is GRANTED. Plaintiffs may therefore accomplish service by publication and by depositing copies of the summons, complaint, and this Order in the United States Post Office directed to Defendants at their addresses.

DATED this 21st day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE