UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST *et al.*, | CASE NO. C19-1541-RSM |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DAHL CONSTRUCTION |
| v. | |
| DAHL CONSTRUCTION SERVICES, INC., *et al.*, | |
| Defendants. | |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Default Judgment against Defendants Dahl Construction Services, Inc. ("Dahl Construction") and Jack Allen Dahl. Dkt. #16. On January 31, 2020, the Court granted Plaintiffs' Motion for Default against Defendants for failure to file an answer or otherwise plead in defense of this action. Dkt. #15. Plaintiffs now request (1) an order compelling Defendants to submit Dahl Construction's payroll

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 1

and related records for a compliance audit; (2) that the Court retain jurisdiction to enter an amended judgment upon determination of the total amount owed by Defendants; and (3) an award of attorney's fees and costs. Having reviewed Plaintiffs' Motion, the supporting documents, and the remainder of the record, the Court finds adequate bases for the entry of default judgment and an award of $8,455 in current attorney's fees and costs.

## II.   BACKGROUND

The Court accepts the following well-pleaded allegations of Plaintiffs' Complaint as established fact. *See LHF Prods., Inc. v. Holmes*, 2018 WL 3742189, at *2 (W.D. Wash. Aug. 7, 2018) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

Plaintiffs are Employee Painters' Trust; Western Washington Painters Defined Contribution Pension Trust; Western Washington Apprenticeship and Training Trust for the Painting and Drywall Industry; Western Washington Painters Labor Management Cooperation Trust; International Painters and Allied Trades Industry Pension Fund; and International Union of Painters and Allied Trades, District Council No. 5. ("the Trusts"). Dkt. #1 at 2. On February 22, 2018, Defendant Dahl—the managing officer of Dahl Construction—signed a collective bargaining agreement ("CBA") between Dahl Construction and International Union of Painters and Allied Trades, District Council 5 ("the Union"). Dkt. #1 at ¶¶ 10, 44. The CBA incorporates by reference the Trust Agreements that created and govern the Plaintiff Trusts. *Id.* at ¶ 13. The CBA and Trust Agreements are collectively referred to as the Labor Agreement. Under the terms of the Labor Agreement, Dahl Construction is required to permit Plaintiffs to audit its payroll and related records to ensure Dahl Construction's compliance with the CBA and Trust Agreements. *Id.* at ¶ 15(b). Plaintiffs and their counsel attempted to obtain Dahl Construction's

voluntary compliance in providing payroll and related records for an audit, but Dahl Construction failed to respond to Plaintiffs' demands. *Id.* at ¶¶ 20-23.

On September 26, 2019, Plaintiffs filed a complaint against Defendants Dahl and Dahl Construction alleging breach of contract under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and seeking equitable relief. Dkt. #1. Plaintiffs claim that Dahl Construction breached the Labor Agreement by failing to provide documents for completion of an audit and failure to submit monthly fringe benefit contribution reports and corresponding contributions owed to Plaintiffs for the period from July to August 2018 and December 2018 to February 2019. *Id.* at ¶ 31. Plaintiffs allege that Dahl is personally liable for amounts discovered to be owed to Plaintiff Employee Painters Trust under the terms of that Trust Agreement. *Id.* at ¶¶ 44-47.

After multiple unsuccessful attempts by Plaintiffs to personally serve Dahl and Dahl Construction using a process server, the Court granted Plaintiffs' motion for leave to serve by publication and mail. Dkt. #12. After Defendants failed to respond, Plaintiffs moved for entry of default. Dkt. #14. The Court granted default on February 7, 2020. Dkt. #15. On April 27, 2020, Plaintiffs filed this motion for default judgment. Dkt. #16. As of the date of this Order, Dahl and Dahl Construction have not appeared or filed any pleadings in this case.

### III.   DISCUSSION

**A. Legal Standard and Jurisdiction**

The Court has authority to enter a default judgment against Dahl and Dahl Construction based on the Clerk's entry of default, Dkt. #15, and pursuant to Federal Rule of Civil Procedure 55 and Local Civil Rule 55. The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to Section 301(a)

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 3

of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). It also has personal jurisdiction over Dahl, a resident of Snohomish County, Washington, and Dahl Construction, a Washington corporation. *See* Dkt. #1 at ¶¶ 7, 9. Venue is proper because this is the judicial district where the relevant trusts are administered, where the signatory labor organization maintains its offices, and where the relevant acts took place. 29 U.S.C. § 1132(e)(2); 29 U.S.C. § 185(a). The Court has also been provided sufficient evidence to determine liability and the amount of damages claimed herein, as required by Fed. R. Civ. P. 55(b)(2). *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Once the Court determines Defendants' liability, it must decide whether to exercise its discretion to enter a default judgment. In deciding whether to enter a default judgment, a court may consider seven factors set forth in *Eitel*: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

**B. Eitel Factors**

The majority of the *Eitel* factors weigh in favor of entry of default judgment.

1. Prejudice to plaintiff

Plaintiffs would be prejudiced without entry of judgment because they would be left without legal remedy. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) ("[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment.") (internal citations and quotations omitted). Here, Plaintiffs have no other recourse for recovery. This factor therefore favors entry of default judgment.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 4

2. <u>Merits of Plaintiffs' Claims and Sufficiency of Complaint</u>

The second and third Eitel factors together "require that a plaintiff 'state a claim on which [it] may recover.'" *Developers Sur. & Indem. Co. v. View Point Builders, Inc.*, No. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. June 17, 2020) (internal quotations omitted). In the Complaint, Plaintiffs assert three claims for relief against Defendants: (i) breach of contract under the Labor Agreement and ERISA, 29 U.S.C. §1132(e)(1); (ii) injunctive relief compelling a compliance audit of Defendants' payroll and related records; and (iii) personal liability for Mr. Dahl for all unpaid fringe benefit contributions and contract damages, plus accruing interest, liquidated damages, attorney's fees and costs of suit, and audit costs. *See* Dkt. #1 at 6-8.

i. *Breach of Contract*

Under the terms of the Labor Agreement, Dahl Construction is obligated to (a) prepare and submit true, complete, and accurate written monthly contribution reports to the Trusts on a timely basis; (b) maintain adequate records of work performed by and amounts paid to its employees and subcontracts, and allow the Trusts and their agents to conduct audits of Dahl's payroll and related records to determine if fringe benefit contributions were properly paid pursuant to the Labor Agreement; and (c) properly pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by or paid to applicable employees. Dkt. #1 at ¶ 15(a)-(c); Dkt. #16-1 at 38. Furthermore, ERISA requires a contributing employer to an ERISA trust fund to submit its payroll and related records for audit by that trust fund. *Central States Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 571 (1985); *see also Brick Masons Pension Trust v. Indus. Fence & Supply*, 839 F.2d 1333 (9th Cir. 1988). Plaintiffs allege that Dahl Construction is an "employer" as that term is used in both

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 5

the Labor Agreement and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), Dkt. #1 at ¶¶ 16-17, and Dahl is therefore obligated to submit to an audit.

Plaintiffs allege that despite its obligations under the Labor Agreement and ERISA, Dahl Construction has failed to timely and properly submit reports and/or contributions to the Trusts. Dkt. #1 at ¶¶ 27, 31; Dkt. #16-1 at ¶ 29. Plaintiffs thus properly alleged a meritorious claim against Dahl Construction under § 1132(d)(1) for violations of ERISA and the Labor Agreement. Dahl Construction, by its default, admits liability for the claims asserted.

### ii.    Injunctive Relief

In addition to monetary damages, Plaintiffs request that the Court order Defendants to comply with their obligations under the Agreements and ERISA to fully produce its books and records in order for Plaintiff to complete an audit to determine if additional amounts are due. Dkt. #1 ¶¶ 26-34. Plaintiffs seek this relief pursuant to 29 U.S.C. § 1132(g)(2)(E), which provides that the Court shall award "other legal or equitable relief as the court may deem appropriate" in an action to enforce a multiemployer plan in which the fiduciary obtains a favorable judgment. The Ninth Circuit has also held that when the terms of a trust agreement allow for an audit, the court may compel the audit as specified by those terms. *Bd. of Trustees v. RBS Washington Blvd, LLC*, No. 09-cv-00660, 2010 WL 145097, *5 (N.D. Cal. Jan. 8, 2010) (citing *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir.1990)).

Based on Plaintiffs' uncontested allegations, Plaintiffs have pleaded a sufficiently meritorious claim, and the Court deems an order compelling an audit an appropriate equitable relief under 29 U.S.C. § 1132(g)(2)(E).

//

//

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 6

       *iii.*       *Personal Liability*

Finally, Plaintiffs allege that at all times material to the action, Defendant Dahl was personally liable to the Employee Painters Trust for all unpaid contributions owed to the Employee Painters Trust. The Labor Agreement states that corporate officials are personally liable for unpaid contributions, and Plaintiffs have alleged that Dahl is the managing officer of Dahl Construction and the signatory of the Labor Agreement. Dkt. #1 at ¶¶ 9, 44; Dkt. #16-1 at 40. As a result, based on Plaintiffs' uncontested allegations, Dahl is personally liable.

As Plaintiff sufficiently stated claims on which they could recover, the second and third *Eitel* factors weigh in favor of entering default judgement.

    3. <u>Sum of money at stake</u>

The sum of money at stake likewise favors default judgment. The Court finds the damages requested by Plaintiffs are reasonable. Because Plaintiffs cannot determine the extent of the contributions due, they request that this Court retain jurisdiction to award fringe benefit contributions owed as determined by the audit. Dkt. #16-1 at ¶ 29. This request is consistent with relief granted in similar ERISA cases, wherein courts have retained jurisdiction to adjust the final damages award following an audit. *See, e.g.*, *Walters v. Shaw/Guehnemann Corp.*, No. 03-cv-04058 WHA, 2004 WL 1465721, *3 (N.D. Cal. April 14, 2004) ("Plaintiffs may submit further motions and declarations after the audit as to amounts owed.").

Furthermore, Plaintiffs request attorney's fees and costs totaling $8,445.91. Dkt. #16 at 8. The awarding of attorney's fees and costs is mandatory following a finding of an ERISA violation. 29 U.S.C. § 1132(g)(2). The amount of attorney's fees was calculated pursuant to the guidelines set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F. 2d 67 (9th Cir. 1975). Dkt. #16-3 at 3-4. The Court finds that the amount at stake is reasonable given that Defendants have been

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 7

found to have violated ERISA. The Court additionally deems it appropriate to retain jurisdiction over future requests for attorney's fees and costs incurred in judgment collection. *See Bay Area Painters v. Alta Specialty*, No. 06-cv-06996 MJJ (JCS), 2008 WL 114931, at *6 (N.D. Cal. Jan. 10, 2008) (retaining jurisdiction over future requests for attorney's fees and costs incurred in judgment collection).

This factor therefore weighs in favor of entering default judgement.

4. Possibility of a dispute concerning material facts

Next, the Court must consider the possibility of a dispute as to any material facts. Here, Plaintiffs have alleged acts that, if taken as true, are sufficient to establish violations of the Labor Agreement and ERISA. Dahl Construction has failed to appear in this case and has failed to present any evidence or argument to the contrary. Because allegations of a well-pleaded complaint are taken as true after entry of default judgment, there is no likelihood that any genuine issue of material fact exists.

5. Probability that default was due to excusable neglect

The Court finds low probability that Defendants' default was due to excusable neglect, given Defendants' many opportunities to respond to filings in this matter and the length of time between the motion for default and this Order. Plaintiffs have provided a sworn affidavit of publication to show that after several attempts to personally serve Defendants, they properly served Dahl and Dahl Construction through subsequent publications starting November 22, 2019 and ending December 27, 2019. Dkt. #13-1. Defendants have since failed to appear. Service was therefore effected pursuant to Fed. R. Civ. P. 4(e) and RCW 4.28.100(2). When a defendant is properly served and fails to respond, courts find that default was not due to excusable neglect.

ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 8

*Virgin Records Am., Inc. v. Cantos*, No. CIV. 06CV915-L(CAB), 2008 WL 2326306, at *3 (S.D. Cal. June 3, 2008).

      6. <u>Policy favoring decisions on the merits</u>

This factor typically weighs against default judgment because cases "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the Court finds that in instances where a defendant's failure to appear makes a decision on the merits "impractical, if not impossible," any preference for deciding cases on the merits "does not preclude a court from granting default judgment." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

In sum, the majority of the *Eitel* factors favor default judgment. Accordingly, the Court GRANTS default judgment against Dahl and Dahl Construction.

## IV.   CONCLUSION

The Court, having reviewed the relevant briefing and the remainder of the record, finds adequate bases for default judgment. Accordingly, the Court hereby finds and ORDERS:

(1) Defendants must submit Dahl Construction's payroll and related records to the Plaintiffs and their auditors for completion of a compliance audit within 21 days of entry of this judgment;

(2) Pending the audit of Defendants' records, this Court shall retain jurisdiction over this matter in order to enter an amended judgment upon the determination of the total amounts owed by Defendants. The amended judgment may include any unpaid fringe benefit contributions plus interest, liquidated damages, and audit costs. These amounts must be supported by the Plaintiffs with evidence upon audit completion.

(3) Plaintiffs are entitled to attorney's fees and costs in the current amount of $8,445.91 and judgment is hereby entered in that amount.

(4) In addition, Plaintiffs claim attorney's fees and costs will continue to accrue. Plaintiffs will be required to support those amounts with evidence upon audit completion and further briefing to this Court.

DATED this 6th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE