UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>DAHL CONSTRUCTION SERVICES, INC., *et al.*, <br><br>Defendants. | CASE NO. C19-1541-RSM <br><br>ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Order to Show Cause against Defendants Dahl Construction Services, Inc. ("Dahl Construction") and Jack Allen Dahl for failure to produce payroll and related records to Plaintiffs and their auditors. Dkt. #20. For the reasons set forth below, the Court DENIES Plaintiffs' motion.

//

## II.  BACKGROUND

ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE - 1

Plaintiffs are six trusts bringing a breach of contract action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1). On July 6, 2020, the Court granted Plaintiffs' motion for default judgment against Defendants for failure to file an answer or otherwise plead in defense of this action. Dkt. #17. Consistent with other courts' orders granting default judgment on ERISA claims, the Court granted Plaintiffs' request to order an audit, awarded attorney's fees and costs, and retained jurisdiction to adjust the final damages award. *Id.* at 7; *see also Walters v. Shaw/Guehnemann Corp.*, No. C03-04058 WHA, 2004 WL 1465721, at *1 (N.D. Cal. Apr. 15, 2004)). The Court entered judgment the same day. Dkt. #18.

As of the date of this Order, Defendants have failed to produce their payroll and related records to Plaintiffs, despite several attempts by Plaintiffs' counsel to serve Defendants with the Court's order and judgment. Dkt. #20-1 at ¶¶ 5-7. Plaintiffs now move the Court to enter an order requiring Defendants to (1) show cause why they should not be cited or sanctioned for contempt for failure to produce the records; and (2) appear in Court for a show cause hearing on why the Court should not find Defendants in civil contempt and impose sanctions. Dkt. #20.

### III.   DISCUSSION

**A. Legal Standard**

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litigation Go–Video Inc.,* 10 F.3d 693, 695 (9th Cir. 1993). The party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir.

2010) (outlining factors); *Inst. of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 945 (9th Cir. 2014) (same). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers,* 330 U.S. 258, 303–04 (1947)).

### B. Basis for Show Cause Order

As an initial matter, the Court must consider the scope of its jurisdiction following entry of default judgment. "In ERISA cases, courts may retain jurisdiction to amend a default judgment to more accurately reflect the plaintiff's damages where some aspect of damages has not yet been determined." *Bay Area Painters v. Alta Specialty*, No. C06-06996 MJJ, 2008 WL 114931, at *6 (N.D. Cal. Jan. 10, 2008). Courts have recently clarified that "retained jurisdiction" following default judgment in ERISA cases means "what jurisdiction [the court] has if the [plaintiff] moves to alter or amend judgment pursuant to Fed. R. Civ. P. 59 and/or 60." *Bd. of Trustees v. James Island Plastering, Inc.*, No. 19-CV-02921-EMC, 2020 WL 1156903, at *3 (N.D. Cal. Mar. 10, 2020). Consistent with these holdings, this Court retained jurisdiction for the limited purpose of adjusting the final award for damages, attorney's fees and costs. *See* Dkt. #17 at 9 ("Pending the audit of Defendants' records, this Court shall retain jurisdiction over this matter *in order to enter an amended judgment* upon the determination of the total amounts owed by Defendants.") (emphasis added).

Plaintiffs argue that this Court has authority to issue a show cause order because district courts have jurisdiction to enforce their judgments. Dkt. #20 at 3. However, none of the cited cases address a court's jurisdiction to issue a show cause order after entry of default judgment.

ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE - 3

*See City of Las Vegas, Nevada v. Clark Cty., Nevada*, 755 F.2d 697, 701 (9th Cir. 1984) (Court retains jurisdiction to enforce consent decree); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (District court has "power to enjoin the filing of related lawsuits in other federal courts."); *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984) (Affirming district court's denial of sanctions and contempt charges). Accordingly, having considered the relevant case law and the language of the default judgment order, the Court finds Plaintiffs' post-judgment motion for an order to show cause procedurally improper.

Moreover, even if it maintained jurisdiction to issue a show cause order, the Court is not persuaded that such an order would serve any useful purpose. There is no dispute that Defendants have failed to produce their records for inspection. However, at this stage of the case, a show cause order against defendants who defaulted for failure to appear is presumably an exercise in futility. Accordingly, the Court finds no basis for issuing a show cause order and scheduling a court hearing. This ruling does not preclude Plaintiffs from seeking relief under Fed. R. Civ. P. 59 or 60. *James Island Plastering, Inc.*, 2020 WL 1156903 at *3.

## IV.   CONCLUSION

Having reviewed Plaintiffs' Motion, the attached declarations and exhibits, and the remainder of the record, Plaintiffs' Motion for Order to Show Cause, Dkt. #20, is DENIED. If Plaintiffs seek to amend the final judgment, they may submit a motion to amend the judgment pursuant to Fed. R. Civ. P. 59 and/or Fed. R. Civ. P. 60.

DATED this 22nd day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE - 4